JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Victor Arrambide ("defendant"), appeals from the judgment of the Cuyahoga County Court of Common Pleas which convicted him of two counts of trafficking in marijuana with juvenile specifications pursuant to R.C. 2925.03. For the following reasons, we affirm.
 {¶ 2} On December 22, 2004, defendant was indicted for two counts of possession and trafficking in marijuana, one count of endangering children, and one count of possession of criminal tools (Case No. CR-460324). On December 29, 2004, defendant was indicted in a separate, but related case, for possession and trafficking in marijuana (Case No. CR-460562). On January 7, 2005, defendant pled not guilty to the charges and a public defender was appointed to represent him in the matter.
 {¶ 3} At a change of plea hearing on June 17, 2005, defendant pled guilty to trafficking in marijuana with a juvenile specification as found in amended Case No. CR-460324, and trafficking in marijuana as found in Case No. CR-460562. On July 13, 2005, defendant was sentenced to an agreed term of five years. It is from this conviction that defendant now appeals and sets forth three assignments of error.
 {¶ 4} "I. The court lacked subject matter jurisdiction to hear this matter."
 {¶ 5} In his first assignment of error, defendant argues that the trial court lacked jurisdiction to hear this matter and accept his guilty pleas. As the State properly notes, this argument lacks merit. A Common Pleas Court has original jurisdiction in felony cases, and its jurisdiction is invoked by the return of an indictment. Click v.Eckle (1962), 174 Ohio St. 88, 89. Here, defendant was prosecuted by an indictment filed in the Cuyahoga County Court of Common Pleas. Accordingly, the trial court had jurisdiction to accept his guilty pleas.
 {¶ 6} Assignment of Error I is overruled.
 {¶ 7} "II. The defendant was denied effective assistance of counsel promised by the Sixth Amendment to the Federal Constitution and Article One Section Ten of the Ohio Constitution."
 {¶ 8} In his second assignment of error, defendant argues that he received ineffective assistance of counsel because his trial counsel failed to request discovery and a bill of particulars.
 {¶ 9} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel in the context of a guilty plea, a defendant must show that (1) his counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and instead would have insisted on going to trial. Strickland v. Washington (1984),466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
 {¶ 10} Here, defendant is unable to meet the burden required to prove ineffective assistance of counsel. A review of the record reveals that 11 pretrial conferences were held beginning in January and continuing until the plea in June 2005. Due to the plea agreement, three of the indicted charges were dropped. Moreover, on June 17, 2005, when the trial court conducted the change of plea hearing, the court asked the defendant whether he was "satisfied with the representation of [his] lawyer" and he answered affirmatively. There is nothing in the record to indicate that defendant had any concerns regarding the State's evidence prior to his change of plea or that any concerns he may have had were not satisfactorily resolved prior to his change of plea. The defendant's response, on the record, rebuts his claim of ineffective assistance of counsel. Accordingly, we conclude that defendant has not met his burden of proof on this issue.
 {¶ 11} Assignment of Error II is overruled.
 {¶ 12} "III. The plea in this matter was not voluntarily, knowingly, and intelligently made by the appellant."
 {¶ 13} In his third assignment of error, defendant claims that he did not enter his guilty plea knowingly, intelligently, or voluntarily. Specifically, defendant claims that he did not know what evidence the State had against him because his attorney failed to request discovery. The State counters that the trial court complied with the directives of Crim.R. 11(C) and that defendant had sufficient notice of the charges against him.
 {¶ 14} Crim. R. 11(C) provides in pertinent part:
 {¶ 15} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and;
 {¶ 16} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 17} "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 {¶ 18} "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 19} The standard for reviewing whether or not the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. State v. Stewart (1977), 51 Ohio St.2d 86. It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C). Id. at 92-93. Compliance with Crim.R. 11(C) requires the trial court to engage the defendant on the record in a reasonably intelligible dialogue. State v. Ballard (1981), 66 Ohio St.2d 473.
 {¶ 20} We have repeatedly held that "courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges."State v. Cobb (Mar. 8, 2001), Cuyahoga App. No. 76950; State v.Kavlich (June 15, 2000), Cuyahoga App. No. 77217; State v. Rainey
(1982), 3 Ohio App.3d 441, 442; State v. Swift (1993),86 Ohio App.3d 407, 412; State v. Burks (Nov. 13, 1997), Cuyahoga App. No. 71904.
 {¶ 21} Here, the record shows that the court conducted an extensive inquiry of the defendant, asking his age and education level, asking whether he was under the influence of drugs or alcohol, and whether he was satisfied with his attorney's representation. He responded to all these questions. He also indicated that he understood his various constitutional rights, the result of his plea upon them, and that he could serve a total of five years for the offenses. In fact, in his appellate brief, defendant concedes that he understood the substance of the indictment, the matters for which he was charged, and the possible penalties.
 {¶ 22} The record clearly illustrates that the trial judge engaged in a meaningful dialog with defendant to the satisfaction of Crim.R.11(C)(2). Moreover, as discussed in the previous assignment of error, there were 11 pretrials with regard to this matter and there is simply no evidence to suggest that defendant was not fully aware of the nature of the charges and the evidence against him. Accordingly, we find that defendant's guilty plea was offered knowingly, intelligently, and voluntarily and that the trial judge substantially complied with the statutory guidelines for accepting a guilty plea.
 {¶ 23} Assignment of Error III is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and CHRISTINE T. McMONAGLE, J., CONCUR