[Cite as *State v. Littleton*, 2016-Ohio-7544.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2016-03-060 |
| | : | O P I N I O N |
| - vs - | | 10/31/2016 |
| | : | |
| CHRISTOPHER L. LITTLETON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-07-1169

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1}  Defendant-appellant, Christopher L. Littleton, appeals from the sentence he received in the Butler County Court of Common Pleas after he pled guilty to two counts of gross sexual imposition of a minor.  For the reasons set forth below, we affirm his sentence.

{¶ 2}  On August 5, 2015, appellant was indicted on two counts of rape of a child younger than ten years old in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. The charges arose out of allegations that appellant, on or about June 1, 2013, through

December 31, 2014, engaged in sexual conduct with the victim, the five-year-old daughter of appellant's girlfriend, in the victim's home in West Chester Township, Butler County, Ohio. The bill of particulars specified that appellant penetrated the victim's vagina and anus "with his finger and/or his penis."

{¶ 3} On January 22, 2016, appellant pled guilty to two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. At the time appellant entered his guilty plea, he agreed to "stipulate to the bill of particulars." A sentencing hearing was scheduled for March 10, 2016, and the trial court ordered that a presentence investigation report ("PSI") be prepared.

{¶ 4} Prior to the sentencing hearing, appellant submitted a sentencing memorandum in which he conceded that he could not rebut the presumption of a prison term, but asserted that "neither consecutive nor maximum sentences [are] necessary to achieve the purposes of sentencing in this case." Appellant argued his conduct was not more serious than conduct normally constituting the offense of gross sexual imposition, he did not cause physical harm to the victim, the victim "seems to have not suffered any mental harm as a consequence of [his] acts," he was remorseful for his actions, and he did not pose a danger of reoffending.

{¶ 5} At the March 10, 2016 sentencing hearing, the trial court indicated it had reviewed appellant's sentencing memorandum, letters written to it by appellant and the victim's mother, grandparents, and sister, as well as the PSI report. The court also had before it a statement from the victim's mother. The victim's mother informed the court that her daughter suffers from autism spectrum disorder, speech apraxia, and sensory processing disorder. Mother discussed the difficulties the victim has faced as a result of appellant's actions, noting that the victim's "life was difficult enough before adding the mental, emotional, and physical trauma of being raped at five years old." Mother discussed the fact that the victim has been "in emotional therapy for over a year and is still not at a point where she can

begin sexual abuse counseling" and that it is expected that the victim will undergo sexual abuse therapy "at least twice, once now and once again when she hits puberty and has a better understanding of what's happened to her." Mother described the affect appellant's sexual assault has had on the victim, noting that the victim refused to sleep in her own bed, has had nightmares, and "wak[es] up crying * * * [and talking about] how it hurt when [appellant] put her to bed their secret way." After considering the foregoing, the trial court sentenced appellant to 60 months in prison on each count of gross sexual imposition. The sentences were ordered to be run consecutively to one another for an aggregate prison term of 120 months. The trial court also classified appellant as a Tier II sex offender.

{¶ 6} Appellant timely appealed from his sentence, raising the following as his sole assignment of error:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANT] WHEN IT SENTENCED HIM TO CONSECUTIVE MAXIMUM TERMS OF 60 MONTHS IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

{¶ 8} In his sole assignment of error, appellant argues the trial court erred by sentencing him to the maximum term of 60 months in prison for each count of gross sexual imposition and by running the sentences consecutively. Appellant contends a 120-month sentence "goes against the purposes and principles of felony sentencing" and that concurrent terms would have "adequately protected the public while punishing [him] for his actions."

{¶ 9} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an

- 3 -

appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious*, 12th Dist. Butler CA2015-12-224, 2016-Ohio-4822, ¶ 8.

{¶ 10} Moreover, even in those cases where the sentence imposed does not require any of the statutory findings specifically addressed within R.C. 2953.08(G)(2), an appellate court will nevertheless review those sentences "under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 11} R.C. 2907.05(C)(2) provides that "there is a presumption that a prison term shall be imposed for the offense" of gross sexual imposition in violation of R.C. 2907.05(A)(4). In fashioning an appropriate sanction for a defendant convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4), "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D)(1).

{¶ 12} The purposes of felony sentencing are to protect the public from future crime

by the offender and to punish the offender. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). "When sentencing a defendant, a trial court is not required to consider each sentencing factor, 'but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure.'" *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11, quoting *State v. Oldiges*, 12th Dist. Clermont No. CA2011-10-073, 2012-Ohio-3535, ¶ 17. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *Id*. *State v. Birt*, 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶ 13} After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to the maximum 60-month prison term on each count of gross sexual imposition. The record plainly reveals that appellant's sentence is not clearly and convincingly contrary to law as the trial court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, imposed the required mandatory five-year postrelease control term, and sentenced appellant within the permissible statutory range for a third-degree felony in accordance with R.C. 2929.14(A)(3)(a). At the sentencing hearing, the trial court stated it had "considered the purposes and principles of sentencing, the weight of the recidivism and the seriousness factors" before imposing appellant's sentence. Further, in the court's sentencing entry, the court specifically stated:

> The Court has considered the record, the charges, the defendant's Guilty Plea, and findings as set forth on the record and herein, oral statements, any victim impact statement and pre-sentence report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has

balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12 and whether or not community control is appropriate pursuant to Ohio Revised Code Section 2929.13, and finds that the defendant is not amendable to an available community control sanction.

{¶ 14} The record supports the trial court's sentencing decision. Although appellant expressed remorse for his actions and he did not have a criminal history for these types of offenses, the record supports the trial court's determination that 60-month prison terms were commensurate with the seriousness of the appellant's conduct, necessary to punish appellant, and necessary to protect the public from future crime by appellant. Appellant used his "position of trust" in facilitating his offenses. For more than a year, appellant repeatedly sexually assaulted the five-year-old victim, with knowledge that victim "already suffered from problems, [and] had issues" due to her autism, speech apraxia, and sensory processing disorder. Given the foregoing considerations, we find that the trial court's imposition of 60-month prison terms on each count of gross sexual imposition was not clearly and convincing contrary to law or unsupported by the record.

{¶ 15} We further find that the trial court's decision to run appellant's sentences consecutively was not contrary to law and is supported by the record. Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Smith* at ¶ 7.

{¶ 16} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8. "A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4)." *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8.

{¶ 17} Here, the record reflects the trial court made the findings required by R.C. 2929.14(C) at the sentencing hearing. The trial court stated, in relevant part:

THE COURT: [W]hat transpired and what the evidence would have been if this case had went to trial is this defendant is digitally penetrating this little girl[.]

* * *

And apparently on a repeated basis. And the little girl already suffered from problems, had issues. And this Defendant was in this household in a position of trust. He's a parent figure. He's in a relationship with the child's mother.

* * *

- 7 -

> The Court will find the Defendant is not amenable to available community control sanctions. The court will sentence the Defendant on both Counts I and II to 60 months in the Ohio Department of Rehabilitation and Corrections. Those sentences will run consecutive to one another.
>
> The Court will find that having reviewed the PSI, considered the information, and considered the information that was brought to the Court's attention through all of the proceedings today, and considering the victim impact statements, that the Defendant is not amenable to community control, that the presumption has not been rebutted, and that the presumption in favor of concurrent terms has not been rebutted [sic], and that consecutive sentences are necessary to adequately protect the public and to punish this Defendant and are not disproportionate, and will find that the harm is so great or unusual that a single term does not adequately reflect the seriousness of the Defendant's conduct.
>
> To lay down next to a five-year old girl in a step-dad capacity and to digitally repeatedly penetrate this little girl, the Court finds that this is the type of conduct that warrants consecutive sentences, sir.

The trial court later memorialized these findings within its sentencing entry.

{¶ 18} From the trial court's statements at the sentencing hearing and the language used in the sentencing entry, it is clear that the trial court complied with the dictates of R.C. 2929.14(C)(4). *See Bonnell* at ¶ 37; *State v. Sess*, 12th Dist. Butler No. CA2015-06-117, 2016-Ohio-5560, ¶ 35-38. Further, the findings made by the trial court in imposing consecutive sentences are supported by the record. We therefore conclude that the trial court did not err by imposing consecutive sentences in this matter.

{¶ 19} Accordingly, as the trial court's imposition of two consecutive 60-month prison terms was not contrary to law, we overrule appellant's sole assignment of error.

{¶ 20} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.