[Cite as *State v. McCree*, 2017-Ohio-791.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2016-06-049 |
| Plaintiff-Appellee, | : | O P I N I O N |
| | : | 3/6/2017 |
| - vs - | : | |
| | : | |
| ERIC LAMONT McCREE, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 15CR31578

David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Stephan D. Madden, 810 Sycamore Street, 5th Floor, Cincinnati, Ohio 45202, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Eric McCree, appeals his conviction and sentence in the Warren County Court of Common Pleas for trafficking in cocaine.

{¶ 2} Appellant was indicted in January 2016 on one count each of possession of cocaine and trafficking in cocaine. The state alleged that on December 21, 2015, appellant and an accomplice brought 23.21 grams of cocaine to the parking lot of The Home Depot in

Lebanon, Ohio to sell to an undercover officer. The two men were arrested prior to the sale. Appellant subsequently pled guilty as charged. The trial court held a sentencing hearing during which appellant, defense counsel, and the state addressed the court. During the hearing, the trial court merged the two offenses for purposes of sentencing and the state elected to proceed on the trafficking charge. On June 3, 2016, the trial court sentenced appellant to seven years in prison.

{¶ 3} Appellant now appeals, raising two assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S PLEA THAT WAS NOT MADE KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY.

{¶ 6} Appellant argues the trial court erred in accepting his guilty plea because it was not knowingly, intelligently, and voluntarily made.

{¶ 7} To be valid, a plea must be knowingly, intelligently, and voluntarily made. *State v. Verney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id.* "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *Id.* at ¶ 8. A guilty plea is invalid if the trial court does not strictly comply with Crim.R. 11(C)(2)(c), which requires the trial court to verify the defendant understands the constitutional rights he is waiving. *State v. Payne*, 12th Dist. Butler No. CA2015-12-219, 2016-Ohio-5470, ¶ 9. However, the trial court need only substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Id.* Under the substantial compliance standard, the appellate court must review the totality of the circumstances surrounding the defendant's plea and determine whether the defendant subjectively understood the effect of his plea. *Id.*

{¶ 8} On appeal, appellant does not claim the trial court failed to comply with Crim.R.

11(C). Rather, appellant argues his guilty plea was not knowingly, intelligently, and voluntarily made because he "did not know the evidence against him" as he did not receive discovery or a bill of particulars from the state, and "he did not know if the cocaine exceeded 20 grams because he never saw a lab report."

{¶ 9} Crim.R. 11(C)(2)(a) provides, in pertinent part, that

In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]

{¶ 10} The record shows that before appellant entered his guilty plea to possession and trafficking in cocaine, the state informed the trial court and appellant as follows:

[If] this case had proceeded to trial, the State would've shown beyond a reasonable doubt that [on] December 21, 2015, while this defendant, Eric McCree was in the parking lot of Home Depot in Lebanon, Warren County, Ohio, he did, along with a co-defendant, bring 23.21 grams of cocaine to sell to an undercover officer, however, they were arrested prior to the sale, so therefore he did possess the cocaine, which is a Schedule 2, in an amount greater than 20 grams, but less than 27 grams and also did transport and/or deliver the same cocaine in the same amount.

Subsequently, in response to the trial court's inquiry, appellant indicated he had heard the facts as read by the prosecutor, and admitted those facts were true. Thus, contrary to appellant's assertions, the record shows that prior to entering his guilty plea, appellant was aware of the state's allegations and the evidence it had against him, including the amount of cocaine appellant was alleged to have trafficked. *See State v. Arrambide*, 8th Dist. Cuyahoga No. 87423, 2007-Ohio-394.

{¶ 11} The record further shows that prior to entering his guilty plea, appellant was made aware of the consequences of entering a guilty plea when the trial court informed him as follows:

- 3 -

You're going to be entering a plea of guilty to one count of possession of cocaine, one count of trafficking in cocaine. Each of those are second degree felonies, punishable by up to eight years in prison and a $15,000 fine. There is mandatory and presumed prison term in this case, as well as a $7500 mandatory fine. We also have a mandatory license suspension of anywhere from six months to five years. In addition to the maximum penalty, you're also subject to a mandatory period of post-release control.

{¶ 12} "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." *State v. Nero*, 56 Ohio St. 106, 108 (1990); Crim.R. 52(A). The test is whether the plea would have otherwise been made. *Id.*

{¶ 13} The basis of appellant's claim that his plea was not made knowingly, intelligently, and voluntarily is that he was not aware of the evidence against him because he did not receive discovery, including a lab report concerning the weight of the cocaine, and a bill of particulars. The record does not disclose that appellant suffered prejudice or that his plea would have been otherwise had he been provided with a bill of particulars and discovery, including a lab report addressing the weight of the cocaine involved.

{¶ 14} Crim.R. 7(E) provides that upon request, the state "shall furnish the defendant with a bill of particulars[.]" The rule specifies that the purpose of the bill of particulars is to advise the defendant of the specific "nature of the offense charge and of the conduct of the defendant alleged to constitute the offense." It is difficult to conceive of a bill of particulars that would include more specificity as to the nature of the offense and the conduct constituting the offense than the factual statement provided by the prosecutor and agreed to by appellant at the time he entered his guilty plea.

{¶ 15} As to discovery, including the lab report, appellant has not demonstrated that the lab report would have indicated that the cocaine involved was less than 20 grams, or that the discovery would not have supported the factual recitation provided by the prosecutor. It

- 4 -

is appellant's burden to demonstrate prejudice, and he has failed to do so. Conversely, the record supports the trial court's compliance with its Crim.R. 11(C)(2)(a) duty to determine that appellant's guilty plea was made knowingly, intelligently, and voluntarily.

{¶ 16} In light of the foregoing, we find that appellant's guilty plea was knowingly, intelligently, and voluntarily made. Appellant's first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED BY IMPOSING A SENTENCE THAT IS NOT SUPPORTED BY THE FINDINGS IN THE RECORD.

{¶ 19} Appellant argues the trial court failed to consider the mitigating factors of R.C. 2929.12(C) before it imposed the seven-year prison sentence. Specifically, appellant asserts the trial court did not consider his tenth grade education, his health issues including diabetes, the fact he has "numerous children," his lifelong drug abuse, and the fact he was remorseful, cooperative, and accepted responsibility for his conduct.

{¶ 20} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶ 21} The purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). When sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *Id.*

{¶ 22} After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to seven years in prison for trafficking in cocaine. As the record plainly reveals, appellant's sentence is not clearly and convincingly contrary to law because the trial court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, imposed the required mandatory three-year postrelease control term, and sentenced appellant within the permissible statutory range for a second-degree felony in accordance with R.C. 2929.14(A)(2).

{¶ 23} "The fact that the trial court did not expressly cite to R.C. 2929.11 and 2929.12 during the sentencing hearing is immaterial, considering [the court] specifically cited to both statutes within its sentencing entry." *Julious*, 2016-Ohio-4822 at ¶ 11. In its sentencing entry, the trial court specifically stated that it "considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under [R.C.] 2929.11," and "balanced the seriousness and recidivism factors under [R.C.] 2929.12." Moreover, we note that during the sentencing hearing, the trial

court referenced information in the presentence investigation report, appellant's criminal history, and his recidivism risks. Thus, based on the record, it is clear the trial court properly considered the seriousness and recidivism factors as required by R.C. 2929.12. *See Brandenburg*, 2016-Ohio-4918.

{¶ 24} The record further supports the trial court's sentencing decision. During the sentencing hearing, defense counsel informed the trial court that appellant (1) was remorseful, cooperative, and accepted responsibility, (2) was depressed, had a lifelong drug problem, and had health issues, including diabetes, (3) had "numerous children," and (4) went through the tenth grade. Subsequently, the trial court asked appellant whether he had anything to say in mitigation. Appellant emphasized his lifelong drug problem, the fact he took full responsibility for the offenses, and the fact he had never really given himself or his family the chance to be the man he should have been. The trial court then sentenced appellant to seven years in prison.

{¶ 25} Given appellant's criminal history, which, upon reviewing the presentence investigation report, the trial court described as "terrible" and "even worse" than previously thought, and which shows appellant has been sentenced to prison three different times for selling drugs, the fact there was a pending case against appellant for selling drugs, and appellant's recidivism risks, the record supports the trial court's determination that the seven-year prison term is commensurate with the seriousness of appellant's conduct, necessary to punish appellant, and necessary to protect the public from future crime by appellant.

{¶ 26} Appellant's second assignment of error is overruled.

{¶ 27} Appellant's conviction and sentence is affirmed.

S. POWELL, P.J. and RINGLAND, J., concur.