[Cite as *State v. Skeene*, 2017-Ohio-1494.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2016-07-049 |
| Plaintiff-Appellee, | : | CA2016-07-050 |
| | : | O P I N I O N |
| - vs - | | 4/24/2017 |
| | : | |
| TRENT A. SKEENE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016CR0146


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Trent Skeene, appeals the sentence he received in the Clermont County Court of Common Pleas after he pled guilty to robbery, assault on a police officer, burglary and grand theft. For the reasons discussed below, we affirm the trial court's sentencing decision.

{¶ 2} Appellant pled guilty to several charges as part of a plea bargain involving two different cases. In the first case, appellant pled guilty to robbery and assault on a police

officer.  These charges involved appellant's attempt to steal a television from Walmart and a physical altercation with a loss prevention officer who tried to stop him.  Appellant then fled the Walmart parking lot in a waiting vehicle.  Shortly after, the vehicle was stopped by a sheriff's deputy who tried to arrest appellant, but appellant resisted arrest and fought with the deputy into oncoming traffic, where the deputy was struck by a car.

{¶ 3}   In the second case, appellant pled guilty to two counts of burglary, one with an attached firearm specification, and two counts of grand theft.  These charges were the result of appellant breaking into homes in Clermont County and stealing multiple items, including firearms.  This case originally began in juvenile court, but was transferred to the court of common pleas after the juvenile court found the statutory factors weighed in favor of transferring the charges to the adult system.

{¶ 4}   The trial court held a sentencing hearing on the two cases.  In the first case, the trial court sentenced appellant to seven years on the robbery and 18 months for the assault on a police officer, to run consecutively.  In the second case, the trial court sentenced appellant to 36 months for one of the burglaries, to run concurrent with 18 months for one of the grand theft convictions.  The court further imposed a consecutive four-year term for the second burglary, with a consecutive one-year sentence for the firearm specification, and a 24-month consecutive sentence for the second theft.  The trial court ordered the first case to run consecutive to the second, for an aggregate sentence of 18 and one-half years in prison.

{¶ 5}   On appeal, appellant raises two assignments of error for our review.  As both assignments of error challenge the trial court's sentencing decision, they will be discussed together.

{¶ 6}   THE TRIAL COURT'S 18 1/2 YEAR PRISON SENTENCE IS NOT COMMENSURATE WITH THE SERIOUSNESS OF APPELLANT'S CONDUCT AND IS NOT THE MINIMUM SANCTION TO ACCOMPLISH THE PURPOSES AND PRINCIPLES OF

SENTENCING.

{¶ 7} THE CONSECUTIVE STRUCTURE OF THE TRIAL COURT'S 18 1/2 YEAR SENTENCE IS DISPROPORTIONATE TO APPELLANT'S CONDUCT.

{¶ 8} Appellate review of felony sentences is governed by the standard of review set forth in R.C. 2953.08(G)(2), which requires this court to determine whether the imposition of a sentence is clearly and convincingly contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822. A sentence is not clearly and convincingly contrary to law where the record supports the trial court's findings under the relevant statutes, the court considers the purposes and principles of sentencing set forth in R.C. 2929.11, the court considers the seriousness and recidivism factors listed in R.C. 2929.12, and the sentence is within the statutory range. *State v. McCree*, 12th Dist. Warren No. CA2016-06-049, 2017-Ohio-791, ¶ 20.

{¶ 9} Appellant argues that the trial court's decision to sentence him to seven years for the robbery charge was not commensurate with the seriousness of his conduct. He contends that the facts were not particularly egregious and that a co-defendant in the robbery was placed on community control. Appellant further argues that at the time of the burglary and theft offenses, he was only 17 years old, and no one was injured, threatened or harmed by his behavior. Finally, he argues that the court's decision to run the sentences consecutively was also disproportionate to his conduct.

{¶ 10} A sentence imposed for a felony must be reasonably calculated to achieve the purposes of protecting the public from future crime by the offender and to punish the offender and must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 11} At the sentencing hearing, the trial court indicated it had considered the

- 3 -

purposes and principles of sentencing found in R.C. 2929.11(A). The court further indicated that it had reviewed appellant's presentence report, which indicated "a very significant juvenile record." The court further found that in the majority of appellant's juvenile offenses, there were probation violations filed, which the court found showed appellant's inability to follow the orders of previous courts. The court also noted that the presentence report indicated appellant had warrants pending in Brown County.

{¶ 12} The trial court found that although appellant was 18 years old and his adult record was limited, appellant's juvenile record "says a lot about where you were, where you've been, and where you are." The court found appellant had already shown "a significant pattern of criminal behavior with an extensive prior juvenile record." The court indicated that appellant was on community control of some type when the offense was committed and as a juvenile appellant was sanctioned with community control, local detention, restitution, financial sanctions and electronic monitoring. As an adult, appellant was sanctioned with local incarceration, restitution and financial sanctions. The court stated that despite these opportunities to change his conduct, appellant continued to engage in illegal behavior.

{¶ 13} The court stated that it considered the injury to the deputy, which it indicated could have been much worse, and the impact on the female driver who accidentally hit the deputy. The court also indicated it had considered appellant's comments regarding his lack of guidance growing up, but indicated such did not excuse appellant's actions.

{¶ 14} We find no error in the trial court's decision to sentence appellant to seven years on the robbery conviction. The court considered the statutory factors and the sentence is within the statutory range. While the court considered appellant's age, it focused on appellant's lengthy record, the previous available opportunities for appellant to change his course of behavior, and appellant's inability to follow the requirements of previous sanctions

imposed on him.

{¶ 15} In addition, while R.C. 2929.11(B) specifies that felony sentences should be consistent with sentences imposed for similar crimes committed by similar offenders, consistency in sentencing does not mean uniformity. *State v. Watson*, 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321. "[A] defendant claiming inconsistent sentencing must demonstrate that the trial court failed to properly consider the statutory sentencing factors and guidelines forum in R.C. 2929.11 and 2929.12." *State v. Micomonaco*, 12th Dist. Butler No. CA2011-07-139, 2012-Ohio-5239, ¶ 49. As mentioned above, the court considered these factors.

{¶ 16} Moreover, appellant and his co-defendant were not similarly situated offenders as appellant was the primary offender in the robbery. Appellant went into Walmart, attempted to walk out with a television and when confronted by a loss-prevention officer, elbowed her in the face. He then ran out the door and into a waiting vehicle, which was driven by the co-defendant.

{¶ 17} Finally, appellant argues the court erred in imposing consecutive sentences. Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Smith* at ¶ 7.

{¶ 18} The court made the required findings pursuant to R.C. 2929.14(C)(4) to impose consecutive sentences. While appellant argues that consecutive sentences are disproportionate to his conduct, the record supports the trial court's decision. As mentioned above, the court was considering two separate cases at sentencing, one involving a robbery and assault on a police officer and a second involving two sets of burglaries and thefts from homes. Appellant's juvenile record is lengthy and shows an escalation of more violent crimes along with a repeated inability to follow court orders and to take advantage of opportunities to change his behavior.

{¶ 19} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.