[Cite as *State v. Shultz*, 2019-Ohio-1591.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-09-114 |
| | : | O P I N I O N |
| - vs - | | 4/29/2019 |
| | : | |
| JAMES SHULTZ, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 18CR34308

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036 for appellee

Kim Bui, 8080 Beckett Center Drive, Suite 112, West Chester, Ohio 45069 for appellant

**M. POWELL, J.**

{¶ 1} Appellant, James Shultz, appeals his conviction in the Warren County Court of Common Pleas for felonious assault and operating a vehicle while under the influence of alcohol or drugs ("OVI"). For the reasons stated below, we affirm his conviction.

{¶ 2} In May 2018, police officers conducted a traffic stop on appellant for a suspected OVI. Police determined appellant was under the influence of alcohol and placed

appellant under arrest. As officers restrained appellant incident to taking him into custody, appellant kicked at one of the officers. Consequently, appellant was indicted on four offenses: one felony count of assault, two misdemeanor counts of OVI, and one misdemeanor count of aggravated menacing. The assault offense was indicted as a felony pursuant to R.C. 2903.13(C)(5), because the victim of the offense was a peace officer in the performance of his duties.

{¶ 3} In July 2018, appellant pled guilty to two of the offenses: assault, a fourth-degree felony in violation of R.C. 2903.13(A), and OVI, a first-degree misdemeanor in violation of 4511.19(A)(1)(a). After the plea, the trial court ordered a presentence-investigative report and continued the matter to September 2018 for sentencing. At that hearing, the trial court sentenced appellant to three years of community control, including placement in a community-based correctional facility, for both offenses.

{¶ 4} Appellant now appeals the conviction, raising one assignment of error:

{¶ 5} THE TRIAL COURT ERRED BY ACCEPTING DEFENDANT['S] PLEA OF GUILTY, WHICH WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY. IN THE ALTERNATIVE, APPELLANT SHOULD HAVE BEEN PERMITTED TO WITHDRAW HIS GUILTY PLEA.

{¶ 6} In his sole assignment of error, appellant presents two issues for our review. First, appellant argues his plea was not knowing, intelligent, or voluntary because he did not understand the legal proceedings, was confused about the nature of the charges, and lacked formal education. Second, appellant argues that the trial court should have asked appellant at the sentencing hearing if he wanted to withdraw his plea after appellant again denied touching the officer. We find appellant's argument lacks merit.

{¶ 7} The decision to enter a plea of guilty or no contest is a serious matter. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25. Therefore, the Ohio and United States

Constitutions require a criminal defendant to make the guilty plea knowingly, intelligently, and voluntarily before a trial court may accept it. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7. Ohio adopted Crim.R 11(C) to "facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). Under Crim.R. 11(C), the trial court must advise a criminal defendant of the nature of the charge, the maximum penalty for a conviction on the charge, effect of the plea, and the constitutional rights given up by the plea. *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, ¶ 41.

**{¶ 8}** The validity of the plea depends on the trial court's compliance with Crim.R. 11(C). The required level of compliance to Crim.R. 11(C) differs between the types of notifications given. *Veney* at ¶ 14-17; *State v. McCree*, 12th Dist. Warren No. CA2016-06-049, 2017-Ohio-791, ¶ 7. A trial court must strictly comply with the Crim.R. 11(C)(2)(c) notifications of constitutional rights. *Veney* at ¶ 18. On the other hand, a trial court need only substantially comply with the nonconstitutional notifications found in Crim.R. 11(C)(2)(a) and (b). *State v. Bishop*, Slip Opinion No. 2018-Ohio-5132, ¶ 11.

**{¶ 9}** To strictly comply with Crim.R. 11(C)(2)(c), a trial court must orally advise the criminal defendant of five specific constitutional rights[1] and verify the defendant understands those rights prior to accepting a guilty plea. *Veney* at ¶ 31. A trial court's failure to notify a criminal defendant of any of these constitutional rights will invalidate the plea. *Id.* at ¶ 1.

**{¶ 10}** Here, appellant seemingly argues that he did not understand his constitutional rights "due to his lack of understanding of the legal proceedings." After a review of the

---

1. (1) The right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. *Veney*, 2008-Ohio-5200 at ¶ 31.

record, we find that the trial court strictly complied with Crim.R. 11(C)(2)(c). The trial court properly informed appellant of each of the five rights separately, offered an additional explanation to contextualize the value of each right to the appellant, and correctly informed him of the necessity of a unanimous jury verdict and the presumption of innocence. In turn, appellant confirmed he understood each of these rights. Therefore, there is nothing in the record to indicate the trial court erred in notifying appellant of his constitutional rights.

{¶ 11} The nonconstitutional requirements are set out in Crim.R. 11(C)(2)(a) and (b). *State v. Reynolds*, 12th Dist. Madison No. CA2018-02-005, 2018-Ohio-4942, ¶ 11. Under these subdivisions, the trial court has the duty of

> (a) [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

Crim.R. 11(C)(2)(a) and (b).

{¶ 12} A guilty or no contest plea will be upheld if the trial court substantially complied with the nonconstitutional notification requirement. *Clark* at ¶ 31-32. As explained by the *Nero* court, "[s]ubstantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." 56 Ohio St. 3d at 108.

{¶ 13} The record reveals the trial court systematically advised appellant of each of the Crim.R. 11(C)(2)(a) and (b) components and individually verified appellant's comprehension. The trial court began by notifying appellant of the maximum penalties for each offense. Next, the court explained to appellant that if sentenced to prison appellant

would be subject to postrelease control, that as an alternative to prison appellant could be subject to community control sanctions, and the possible consequences for violating the terms and conditions of postrelease control or community control. Finally, the trial court had the prosecutor read the statement of facts for the instant offenses. After this recitation, the trial court sought confirmation that appellant understood:

> [Court]: Mr. Shultz, did you hear the statement that [the prosecutor] just read?
>
> [Appellant]: Yes, sir. But I didn't – the thing I see that I didn't – I didn't make no contact kicking him. It was while he was trying to place me into the car. My foot came up like that, and that's how they got that, it says attempt. It don't say nothing about striking no officer.
>
> [Court]: Okay. I understand what you're saying. You're claiming that you didn't actually make contact with him.
>
> [Appellant]: No, sir.
>
> [Court]: Did you attempt to kick him?
>
> [Appellant]: That, I don't remember because I was so intoxicated, I just couldn't take the test or nothing. I know I'm guilty of OVI, but it turned out the situation, all this.

{¶ 14} After this exchange, the trial court discussed with the prosecutor the specific facts surrounding the assault offense and whether an *attempt to cause* physical harm alone constitutes the crime of assault. The prosecutor confirmed with the court that an assault occurs when a person either *causes* or *attempts to cause* physical harm to another. The trial court again addressed appellant:

> [Court]: Mr. Shultz, do you understand, what I'm saying?
>
> [Appellant]: That's what they said, attempt, that I – I didn't never –
>
> [Court]: Well, and that's the definition in the statute. If you kicked your leg back at the officer and you attempted to cause physical harm to him by doing that, that's the same thing. You understand that whether you made contact with him or not is not

- 5 -

necessarily the point?

{¶ 15} The court again sought clarification from the prosecutor and appellant's trial counsel as to whether the court correctly stated the law. Both attorneys agreed with the court. The court then turned to appellant:

[Court]: So Mr. Shultz, again, we – I don't want you to get hung up on a technicality here –

[Appellant]: Yeah.

[Court]: – but I just want to make sure that you're comfortable in proceeding with a plea of guilty, based upon the statement of facts that [the prosecutor] read? [sic]

[Appellant]: Yes, Your Honor. I can face what – whatever I done. But I never knowed (sic) nothing like that in – in this situation, so –

[Court]: But in this particular situation, what my question to you is, is do you admit that what [the prosecutor] said is true, that you attempted to kick the officer?

[Appellant]: I was awful intoxicated, and probably so.

[Court]: And you understand all the rights you're giving up by entering this plea of guilty, those rights you and I just discussed?

[Appellant]: Yes, sir.

[Court]: And so what 's your plea to the two charges?

[Appellant]: Yeah.

[Court]: What is it?

[Appellant]: It's assault on an officer.

[Court]: No, I know. I want to know what your plea is. Plead guilty?

[Appellant]: Guilty of my two charges.

[Court]: You're guilty?

[Appellant]: Yes, sir.

[Court]: That's the plea you want to enter?

[Appellant]: Yeah.

[Court]: All right. Mr. Shultz, I'm going to make a finding, then, that you've made a knowing, intelligent and voluntary waiver of your Constitutional Rights. In other words, you're waiving all your rights that we've gone over and that you're doing that – you know what your rights are. You've been informed of all the consequences here, the potential consequences, and that no one's threatened you or forced you to do this in any way. Would you agree with all that?

[Appellant]: Yes.

{¶ 16} Thus, the record shows that the trial court engaged in a lengthy discussion with appellant about the nature of the charges in front of his trial counsel and after this discussion appellant agreed that his actions constituted the offense of assault. The trial court was cognizant of appellant's concern and carefully explained the nature of the charges and that an *attempted* strike constitutes the same offense as a *completed* strike. The trial court verified that appellant understood the charges.

{¶ 17} Consequently, the totality of the circumstances amply demonstrates that appellant subjectively understood the nature of the charges to which he pled guilty. We find the trial court substantially complied with the nonconstitutional notification requirements of Crim.R. 11(C)(2)(a) and (b). Therefore, appellant's guilty plea was knowing, intelligent, and voluntary and the trial court did not err when it accepted the plea.

{¶ 18} Lastly, appellant argues the trial court should have "inquired as to whether Mr. Shultz wished to withdraw his guilty plea" given statements he made at the sentencing hearing. As noted above, the trial court scrupulously followed Crim.R. 11(C)(2) and properly accepted appellant's plea. Appellant was represented by counsel at each stage of the criminal process and nothing in the record indicates appellant attempted to withdraw his plea before or during sentencing. The trial court did not err when it did not inquire if appellant wanted to withdraw his guilty plea. Such an inquiry would have been redundant

given the trial court's meticulous dialogue with appellant preliminary to the acceptance of the guilty plea.

{¶ 19} In any event, a criminal defendant does not have an absolute right to withdraw a guilty plea before sentencing. *State v. Chisenhall*, 12th Dist. Clermont Nos. CA2015-07-055 and CA2015-07-063, 2016-Ohio-999, ¶ 10. Moreover, a change of heart is not sufficient grounds to withdraw a plea. *State v. Quinn*, 12th Dist. Butler No. CA2006-03-049, 2007-Ohio-1363, ¶ 12. Furthermore, we note that the record contains a letter bearing appellant's signature sent to the trial court before the sentencing hearing, in which appellant asks for placement in a treatment program, takes "full responsibility" for his actions, and apologizes for any harm he caused the police officers or anyone else. Consequently, the trial court did not err by proceeding to judgment at the sentencing hearing.

{¶ 20} In light of the foregoing, appellant's sole assignment of error is overruled. Appellant's guilty plea was knowing, intelligent, and voluntary.

Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.