[Cite as *State v. Abrams*, 2017-Ohio-8536.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                    :

        Plaintiff-Appellee,                      :

                                                    :

        - vs -

                                                      :

JEFFREY SCOTT ABRAMS,                  :

        Defendant-Appellant.                    :

CASE NOS. CA2017-03-018
CA2017-03-019

O P I N I O N
11/13/2017

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016-CR-0282

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

The Farrish Law Firm, Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Jeffrey Scott Abrams, appeals from the sentence he received in the Clermont County Court of Common Pleas after he pled guilty to multiple theft offenses. For the reasons set forth below, we affirm his sentence.

{¶ 2} On May 19, 2016, appellant was indicted on four counts of theft by deception in violation of R.C. 2913.02(A)(3), misdemeanors of the first degree, one count of theft from an elderly person in violation of R.C. 2913.02(A)(1), a felony of the fifth degree, three counts of

theft in violation of R.C. 2913.02(A)(1), of which one was a felony of the fifth degree and two were misdemeanors of the first degree, one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree, one count of misuse of a credit card in violation of R.C. 2913.21(B)(2), a misdemeanor of the first degree, two counts of receiving stolen property in violation of R.C. 2913.51(A), felonies of the fifth degree, and one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree. The charges arose out of allegations that between April 13, 2016 and May 12, 2016, appellant aided and abetted others in the fraudulent return of merchandise at various businesses in Clermont County, the theft of a TV from an elderly person, and the theft of credit cards from two other victims. Appellant acted as the getaway driver following the commission of the offenses, and his truck had a stolen license plate affixed to it.

{¶ 3} On January 24, 2017, following plea negotiations, appellant pled guilty to one count of theft from an elderly person, two counts of theft of a credit card, and one count of receiving stolen property, all felonies of the fifth degree, as well as three counts of theft, misdemeanors of the first degree, in exchange for the remaining charges being dismissed.[1] A sentencing hearing was scheduled for February 28, 2017, and the trial court ordered that a presentence investigation report ("PSI") be prepared.

{¶ 4} At the sentencing hearing, the trial court heard from the state, one of appellant's victims, defense counsel, and appellant. The state indicated it had reviewed the PSI, which detailed appellant's lengthy criminal history involving convictions for disorderly conduct, possession of drugs and drug abuse instruments, possession of cocaine, possession of heroin, and breaking and entering, and it requested that a prison sentence be imposed on

---

1. As part of the plea agreement, appellant's robbery offense was amended to theft of a credit card.

- 2 -

appellant. Thereafter, one of appellant's victims testified about the terror she felt when appellant stole her purse in the parking lot of a shopping plaza after crashing his vehicle into her shopping cart. She explained appellant's actions have caused an emotional and psychological toll on her well-being and she stated she "fear[s] when he gets out" of prison.

{¶ 5} Appellant apologized to his victims and expressed remorse for his actions. He spoke of his heroin addiction and the frustration he felt in being unable to overcome his addiction and self-destructive ways. Defense counsel acknowledged appellant's drug addiction had negatively impacted other people in the community, but contended that appellant's willingness to take responsibility and be held accountable for his actions should be considered in fashioning an appropriate sentence.

{¶ 6} After reviewing the PSI and victim impact statements and considering the information presented at the sentencing hearing, the trial court determined that community control was not an appropriate sanction and that a prison term was warranted. With respect to appellant's three misdemeanor convictions for theft by deception, the court imposed 180-day jail sentences on each offense, to be served concurrently to one another and concurrently to the sentences imposed on the felony counts. With respect to the four fifth-degree felony offenses, the court imposed 11-month prison terms on each offense and ordered that the sentences be served consecutively to one another, for an aggregate prison term of 44 months. The court gave appellant jail-time credit for 293 days and ordered him to pay $1,644.92 in restitution to three of his victims.

{¶ 7} Appellant timely appealed, raising two assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY SENTENCING APPELLANT.

{¶ 10} In his first assignment of error, appellant argues the trial court erred by

sentencing him to 11 months in prison on each felony count and by running the felony sentences consecutively to one another. Appellant contends the court failed to properly consider the purposes and principles of sentencing and failed to make the required findings under R.C. 2929.14(C) before imposing his sentence. He further contends the court erred by failing to inform him that (1) he is required to submit to random drug testing while in prison and cannot ingest or be injected with a drug of abuse while in prison, (2) he is required to submit a DNA sample as a result of his felony convictions, and (3) he had a right to appeal his sentence. Finally, appellant argues the court erred by ordering him to pay restitution to his victims without considering his ability to pay the financial sanctions.

{¶ 11} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford,* 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious,* 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg,* 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

- 4 -

**Principles and Purposes of Sentencing**

{¶ 12} Appellant contends the "almost maximum" sentence imposed on each fifth-degree felony offense was "contrary to law and to the purposes and principles of sentencing." He argues that in considering the seriousness and recidivism factors set forth in R.C. 2929.12, the court should have given weight to the fact that he did not "expect to cause harm to any person or property" in the commission of his offenses and his conduct was influenced by his substance abuse issues.

{¶ 13} A trial court has discretion to impose a prison term on an offender who pleads guilty to a fifth-degree felony that is not an offense of violence if the offender "at the time of the offense was serving, or the offender previously had served, a prison term." R.C. 2929.13(B)(1)(b)(x). "[I]n determining whether to impose a prison term as a sanction for a felony of the * * * fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(B)(2).

{¶ 14} The purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). In sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *Id. State v. Birt,* 12th Dist. Butler No. CA2012-

02-031, 2013-Ohio-1379, ¶ 64.

{¶ 15}  After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to 11 months in prison for each of his fifth-degree felony offenses.  The record plainly reveals that appellant's sentence is not clearly and convincingly contrary to law as appellant served a prior prison term, as contemplated by R.C. 2929.13(B)(1)(b)(x), the court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, informed appellant he may be subject to up to three years of postrelease control upon his release from prison, and sentenced appellant within the permissible statutory range for his fifth-degree felonies in accordance with R.C. 2929.14(A)(5).

{¶ 16}  At the sentencing hearing, the trial court specifically stated:

> THE COURT:  I've reviewed the presentence investigation report in detail, considered the purposes and principles of sentencing under 2929.11 and -.12.  And the purposes and the principles of sentencing are certainly to punish the offender, to hopefully to [sic] send a message to others to not engage in that same kind of conduct that has brought you here.  * * *
>
> I – I would say to some extent your conduct is a little less serious than others in terms of how you react to heroin, because I've had people standing there who are younger than you who are going to prison for many, many years because they broke into houses and totally shattered the security of the individuals.  This does not lessen the impact that it has had on the victims.  It's essentially the same, I suppose, in a large part.
>
> And this is not – as you've said, you've been battling it for years. * * * [I]n '07, you were charged with possession of heroin and cocaine, intervention in lieu of conviction.  A treatment program was provided for you at that time, and you were terminated from the treatment program, still placed on community control, still ended up in prison.
>
> Because in '09, you went on a spree of offenses, breaking and entering into not houses, but other structures, and were sentenced to prison at that time.  So with the history that you have, serious. And you've obviously reoffended even after going to prison.  I will say that there are individuals who have heroin

addictions that get into treatment programs and they survive, and
they fight it every day, I'm sure, but they don't reoffend.

And I can't explain to you why you can't lick it. I wish I could. * * *
[G]iven the nature of the offenses, given your criminal history in
this matter, community control is not an appropriate sanction.

{¶ 17} Appellant disagrees with the trial court's analysis and its balancing of the seriousness and recidivism factors in R.C. 2929.12. He believes the court should have imposed a shorter sentence, given his expressed remorse, his drug-dependency issues, and the fact that he did not intend to cause harm to any person or property when committing his offenses. However, it is "[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence. The record establishes that appellant has a lengthy criminal history and prior attempts to rehabilitate and punish him through treatment programs, community control sanctions, and a term of imprisonment have been unsuccessful. Appellant continues to abuse drugs and commit crimes. The victims of his current theft-based offenses suffered financial, emotional, and psychological harm. The 11-month prison sentence imposed on each felony count protects the public from future crime and punishes appellant.

{¶ 18} Therefore, after reviewing the record, we find no clear and convincing evidence that the court erred in balancing the factors in R.C. 2929.12. The record supports the trial court's sentencing decision.

**Consecutive Sentences**

{¶ 19} We further find that the trial court's decision to run appellant's felony sentences

consecutively to one another was not contrary to law and is supported by the record. Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith,* 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Smith* at ¶ 7.

{¶ 20} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8. "A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by

R.C. 2929.14(C)(4)." *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8.

{¶ 21} Here, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. At the sentencing hearing, the court stated the following:

> I've considered 2929.14(C)(4)(a) through (c) and find that the consecutive structure of this sentence is appropriate. I think a single sentence would demean the seriousness of these charges and the impact and the harm that's been caused.
>
> Other victims in the impact – in the presentence report that they have filed have similar reactions and – and similar problems as [the victim that appeared at sentencing] expressed * * * here in court and all of them not only have lost financially, but more importantly emotionally and psychologically they – they continue to have repercussions as a result of your conduct.
>
> Your prior history is serious, and your likelihood of reoffending is, I think, highest. And again, these are multiple victims. I think a single sentence, if you will, for the felony offenses clearly would demean the seriousness of these charges.

The court reiterated its findings in the sentencing entry, stating it considered R.C. 2929.14(C)(4) and found:

> These consecutive sentences are necessary to protect the public from future crime and punish the defendant.
>
> These consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct which involves multiple theft offenses from multiple victims. Further, the harm caused by these multiple offenses were so great and so unusual that no single prison term adequately reflects the seriousness of the Defendant's conduct and a single sentence would demean the seriousness of his conduct.
>
> The Defendant's criminal history also warrants consecutive sentences as he has three prior convictions for felony offenses in Ohio and has served a prior prison term as a result of these prior convictions.

Although the language the trial court used in making the consecutive sentence findings was

not a word-for-word recitation of the language in the statute, such language is not required. *See State v. Alhashimi*, 12th Dist. Nos. CA2016-07-065 and CA2017-07-066, 2017-Ohio-7658, ¶ 67. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 2014-Ohio-3177 at ¶ 29.

**{¶ 22}** Here, the trial court did engage in the correct analysis and the record contains evidence supporting the court's findings under R.C. 2929.14(C)(4). As such, we find no error in the court's imposition of consecutive sentences.

## Failure to Give Advisements

**{¶ 23}** Appellant also argues that the trial court erred in sentencing him without informing him that, pursuant to R.C. 2929.19(B)(2)(f), he is required to submit to random drug testing while in prison and cannot ingest or be injected with a drug in prison. He further contends the court erred in sentencing him because the court never informed him that he was required, pursuant to R.C. 2901.07(B), to submit a DNA sample as a result of his felony convictions. We have previously addressed such arguments and found them to be without merit in *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 16-18; and *State v. Setty*, 12th Dist. Clermont No. CA2014-09-068, 2015-Ohio-2012, ¶ 14. For the reasons set forth in *Moore* and *Setty*, we find that any error that resulted from the trial court's failure to provide the advisements contained in R.C. 2929.19(B)(2)(f) and 2901.07(B) was harmless.

**{¶ 24}** We likewise find the trial court's failure to inform appellant of his right to appeal under Crim.R. 32(B) was harmless error, as appellant filed a timely appeal and has not shown any prejudice. *See State v. Johnson*, 12th Dist. Clermont No. CA2000-11-089, 2001 Ohio App. LEXIS 4726, *12 (Oct. 22, 2001); *State v. McCrae*, 5th Dist. Muskingum No. CT2017-0008, 2017-Ohio-2968, ¶ 18.

**Restitution Order**

**{¶ 25}** Finally, appellant challenges the trial court's order that he pay $1,644.92 in restitution to his victims, arguing that the court failed to consider his present and future ability to pay in accordance with R.C. 2929.19(B)(5). Appellant acknowledges that he did not object to the trial court's restitution order at the sentencing hearing and that his argument is therefore reviewed on appeal under a plain-error standard of review. *See State v. Sesic*, 12th Dist. Madison No. CA2012-08-020, 2013-Ohio-2864, ¶ 6.

**{¶ 26}** Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error "must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Baldev*, 12th Dist. Butler No. CA2004-05-106, 2005-Ohio-2369, ¶ 12.

**{¶ 27}** R.C. 2929.19(B)(5) provides that a trial court, before imposing a financial sanction, including restitution, must first "consider the offender's present and future ability to pay the amount of the sanction or fine." While "[t]here are no express factors that must be considered or specific findings that must be made regarding the offender's ability to pay," there "must be some evidence in the record to show that the trial court acted in accordance with the legislative mandate that it consider the offender's present and future ability to pay." *State v. Chaffin*, 12th Dist. Madison No. CA2016-08-026, 2017-Ohio-4041, ¶ 9, citing *State v. Dandridge*, 12th Dist. Butler No. CA2003-12-330, 2005-Ohio-1077, ¶ 6; *State v. Lang*, 12th Dist. Brown No. CA2011-03-007, 2011-Ohio-5742, ¶ 12. This court looks to the totality of the record to see if this requirement has been satisfied. *State v. Rabe*, 12th Dist. Clermont No. CA2013-09-068, 2014-Ohio-2008, ¶ 74.

**{¶ 28}** The record contains evidence indicating the trial court considered appellant's present and future ability to pay restitution to his victims. Prior to ordering appellant to pay

the financial sanction, the trial court stated it had reviewed the PSI. The PSI indicated appellant obtained his GED in 2010, and has worked on and off in masonry since he was 17 years old. Although appellant was not working at the time he committed the offenses, he was 35 years old and in good health. Appellant will be released from prison before he is 39 years old, and there is nothing in the record indicating he will be unable to gain employment at that time. Further, contrary to appellant's arguments, the fact that he was indigent and was represented by a public defender does not mean he will not have the future ability to pay the financial sanction. This court has previously recognized that the determination that a defendant is indigent for purposes of appointed counsel is separate and distinct from a determination that the person is indigent for purposes of paying a mandatory fine or financial sanction. *State v. Johnson*, 12th Dist. Butler No. CA2011-11-212, 2014-Ohio-3776, ¶ 14-16; *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, ¶ 46. *See also State v. Andrews*, 1st Dist. Hamilton No. C-110735, 2012-Ohio-4664, ¶ 29 (noting that Ohio courts have uniformly held that the appointment of counsel for an indigent defendant does not prohibit the trial court from imposing a financial sanction because "an offender's ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the outset of the criminal proceedings").

{¶ 29} As the record contains evidence demonstrating the trial court considered appellant's present and future ability to pay, appellant's argument that the court committed plain error in ordering restitution is without merit.

{¶ 30} Accordingly, having found no merit to any of the arguments raised by appellant in his first assignment of error, we hereby overrule the assignment of error.

{¶ 31} Assignment of Error No. 2:

{¶ 32} APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS THUS PREJUDICING HIS RIGHT TO A

FAIR HEARING.

{¶ 33} In his second assignment of error, appellant argues he received ineffective representation by his trial counsel as counsel "fail[ed] to protect [his] interests in sentencing concerning the notification issue and the restitution issue."

{¶ 34} To prevail on an ineffective assistance of counsel claim, an appellant must establish that (1) his trial counsel's performance was deficient and (2) such deficiency prejudiced the defense to the point of depriving the appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Id*. at 688. To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 35} Appellant cannot demonstrate he was prejudiced by counsel's alleged errors. As discussed in our resolution of appellant's first assignment of error, the trial court's failure to notify appellant that he is required to submit to random drug testing in prison, cannot ingest or be injected with a drug of abuse while in prison, and is required to submit a DNA sample resulted in harmless error. Appellant cannot show he was prejudiced by counsel's failure to object to the court's lack of advisements. Moreover, appellant cannot demonstrate that he was prejudiced by his counsel's failure to object to the restitution order, as the court considered appellant's present and future ability to pay the financial sanction before imposing the sanction.

{¶ 36} Accordingly, as appellant cannot establish the prejudice prong of *Strickland*, we find no merit to his arguments and overrule his second assignment of error.

**{¶ 37}** Judgment affirmed.

RINGLAND and PIPER, JJ., concur.