[Cite as *State v. Lynch*, 2018-Ohio-3849.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-12-182 |
| | : | O P I N I O N |
| - vs - | | 9/24/2018 |
| | : | |
| DONOVAN D. LYNCH a.k.a. DONAVAN LYNCH, | : | |
| | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-03-0369

Michael T. Gmoser, Butler County Prosecuting Attorney, John Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011, for plaintiff-appellee

Michele Temmel, 6 South Second Street, Suite 305, Hamilton, OH 45011, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Donovan D. Lynch a.k.a. Donavan Lynch, appeals from the aggregate nine-year prison sentence he received in the Butler County Court of Common Pleas after he pled guilty to nine counts of burglary. For the reasons outlined below, we affirm.

{¶ 2} On April 6, 2017, the Butler County Grand Jury returned a 19-count indictment

charging Lynch with nine counts of burglary, four counts of petty theft, three counts of theft, and one count each of possessing criminal tools and obstructing official business. According to the bill of particulars, the charges arose after it was discovered Lynch had embarked on a multi-day crime spree by breaking into several homes throughout Middletown, Butler County, Ohio where he then stole money, jewelry, clothing, and other valuable personal property. Lynch was later apprehended and admitted to the crimes noting that he embarked on this multi-day crime spree to obtain money to further his addiction to methamphetamine.

{¶ 3} On June 8, 2017, Lynch entered a guilty plea to nine counts of burglary, all third-degree felonies, in exchange for the remaining ten counts being dismissed. After conducting the necessary Crim.R. 11 plea colloquy, the trial court accepted Lynch's guilty plea. Approximately one month later, on August 3, 2017, the trial court held a sentencing hearing and sentenced Lynch to serve nine consecutive 12-month prison terms. The trial court also ordered Lynch to pay nearly $7,000 in restitution and notified Lynch that he would be subject to a mandatory three-year postrelease control term. In reaching this decision, the trial court stated:

> [T]he Court has considered the purposes and principles of sentencing in Revised Code Section 2929.11 and the serious and recidivism factors in Revised Code Section 2929.12, as well as the record of the charges, the statements made at this hearing, the letters that are received from Mr. Lynch which was made part of the file and the letters that are received from his mother which are also part of the file.

The trial court also stated that it had received and reviewed several victim impact statements and the presentence investigation report.

{¶ 4} As it relates to the trial court's decision ordering Lynch to serve his nine 12-month prison terms consecutively, the trial court stated, in pertinent part, the following:

> The Court is imposing consecutive sentences because they are

necessary to protect the public from future crime, and they are necessary to punish Mr. Lynch. The Court finds that these consecutive sentences are not disproportionate to the seriousness of Mr. Lynch's conduct and to the danger that he poses to the public.

The Court finds that the offenses – multiple offenses were committed as part of a course of criminal conduct and that the harm caused by the multiple offenses was so great and unusual that no simple prison term can adequately reflect the seriousness of Mr. Lynch's conduct.

The Court further finds that Mr. Lynch's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him.

{¶ 5} On August 7, 2017, the trial court issued a judgment of conviction entry, which the trial court thereafter amended on August 14, 2017. As part of both its original and amended judgment entries, the trial court reiterated that it had considered both the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors of R.C. 2929.12 prior to issuing its sentencing decision. The trial court also memorialized its consecutive sentence findings within its original and amended judgment of conviction entries noting that, among other things, Lynch's extensive criminal history demonstrated that imposing consecutive sentences was necessary to protect the public from any future crime Lynch may commit.

{¶ 6} Lynch now appeals from the trial court's sentencing decision, raising the following single assignment of error for review.

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT IMPOSED CONSECUTIVE SENTENCES.

{¶ 8} In his single assignment of error, Lynch argues the trial court erred by ordering him to serve nine consecutive 12-month prison terms after he pled guilty to nine counts of burglary. In support, rather than arguing the trial court erred by failing to make the requisite consecutive sentencing findings in accordance with R.C. 2929.14(C)(4), Lynch argues the

- 3 -

trial court's sentencing decision was improper because the trial court failed to consider the recidivism factors as set forth under R.C. 2929.12(D) and (E).[1] We disagree.

{¶ 9}    As with all felony sentences, we review the trial court's sentencing decision under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, this court may modify or vacate the trial court's sentencing decision only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. This court may therefore "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St. 3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 10} As noted above, Lynch argues the trial court's sentencing decision was improper because the trial court failed to consider the recidivism factors as set forth under R.C. 2929.12(D) and (E). Pursuant to those two statutory provisions, the trial court is instructed to consider several enumerated factors, as well as any other relevant factor(s), to determine the likelihood that the offender will commit any future crimes. These factors include, but are not limited to, whether "[t]he offender shows no genuine remorse for the

---

1. Although Lynch does not argue the trial court erred by failing to make the requisite consecutive sentence findings pursuant to R.C. 2929.14(C)(4), the record firmly establishes that the trial court engaged in the required sentencing analysis and made the necessary consecutive sentence findings prior to issuing its sentencing decision.

offense" and whether, prior to committing the offense, "the offender had not been convicted of or pleaded guilty to a criminal offense," as well as whether "the offender had led a law-abiding life for a significant number of years." R.C. 2929.12(D)(5), (E)(2), and (E)(3).

{¶ 11} After a full and thorough review of the record, it is clear the trial court fully considered all relevant factors as set forth under both R.C. 2929.11 and 2929.12, including those enumerated in sections R.C. 2929.12(D) and (E), prior to issuing its sentencing decision. Again, as the trial court stated at the sentencing hearing:

> [T]he Court has considered the purposes and principles of sentencing in Revised Code Section 2929.11 and the serious and recidivism factors in Revised Code Section 2929.12, as well as the record of the charges, the statements made at this hearing, the letters that are received from Mr. Lynch which was made part of the file and the letters that are received from his mother which are also part of the file.

Thereafter, as part of its original and amended judgment entries of conviction, the trial court reiterated that it had considered both the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors of R.C. 2929.12 prior to issuing its sentencing decision.

{¶ 12} It is well-established that when issuing its sentencing decision, "a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Moore*, 12th Dist. Warren No. CA2017-07-110, 2018-Ohio-1778, ¶ 35, citing *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12. That is exactly what occurred here. As the record firmly establishes, although Lynch stated that he was remorseful for his conduct, Lynch, by pleading guilty, admitted to embarking on a multi-day crime spree by breaking into several homes where he then stole money, jewelry, clothing, and other valuable personal property to further his addiction to methamphetamine. The serious nature of these offenses supports the trial court's sentencing decision.

{¶ 13} The trial court's sentencing decision is further supported by Lynch's extensive criminal history. This includes Lynch's prior convictions for a variety of misdemeanor and felony offenses over a period of nearly three decades that ultimately resulted in Lynch serving several years in prison: namely, shoplifting, petty theft, theft, numerous burglary and breaking and entering offenses, forgery, grand theft, several OVI offenses, public intoxication, eluding, falsification, criminal damaging, assault, arson, disorderly conduct, and possession of drug paraphernalia.

{¶ 14} At sentencing, Lynch, who admitted to being an alcoholic and drug addict, stated in allocution that he wanted to extend his "deepest apologies to the victims and their families." Lynch also stated that he was "humiliated" and "very ashamed of what [he] did[.]" Thereafter, Lynch, claiming his conduct was a mistake that he regretted, informed the trial court that he was willing to "stand outside for eight hours a day on a busy intersection wearing a sign that said I am a thief, I took things that did not belong to me. I would do this for as long as you'd like[.]" In response, the state refuted Lynch's claims and stated:

> Judge, the word mistake was used, and I'm going to torture the phrase, but it's something like once is a mistake, twice is a coincidence, three times is a pattern. We're looking at a career criminal here, and he can offer to stand on the corner wearing a sign all he wants to, but he's taken from these people their safety, their security. He can't give it back. There's no restitution for that.

Given Lynch's lengthy criminal history, we agree with the state.

{¶ 15} Lynch disagrees with the trial court's sentencing decision and the manner that the trial court balanced the various recidivism factors as set forth under R.C. 2929.12; specifically, those factors found in R.C. 2929.12(D) and (E). However, contrary to Lynch's claim otherwise, "[t]he trial court, in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State*

*v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. "The fact that the trial court chose to weigh various sentencing factors differently than how [Lynch] would have weighed them does not mean the trial court erred in imposing [Lynch's] sentence." *State v. Abrams*, 12th Dist. Clermont Nos. CA2017-03-018 and CA2017-03-019, 2017-Ohio-8536, ¶ 17.

{¶ 16} In light of the foregoing, because the trial court properly considered the necessary sentencing statutes, R.C. 2929.11 and 2929.12, and because Lynch's sentence is not contrary to law or unsupported by the record, we find no error in the trial court's decision to sentence Lynch to serve nine consecutive 12-month prison terms as a result of his guilty plea to nine counts of burglary, all third-degree felonies. In so holding, we note that due to Lynch's guilty plea, the trial court had the option of sentencing Lynch to a total maximum term of 27 years in prison. R.C. 2929.14(A)(3)(b) ("[f]or a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months"). However, in exercising its discretion, the trial court instead sentenced Lynch to serve only a nine-year prison term. The trial court did not err in reaching this decision. Therefore, finding no merit to any of Lynch's arguments raised herein, Lynch's single assignment of error is overruled.

{¶ 17} Judgment affirmed.

PIPER, J., concurs.

M. POWELL, J., concurs separately.

**M. POWELL, J., concurring separately.**

{¶ 18} I concur in the majority opinion. I write separately, only to emphasize my view that the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 seriousness and

recidivism factors are not involved in considering whether multiple sentences ought to be served concurrently or consecutively.

{¶ 19} When an offender is convicted of multiple felony offenses a sentencing court must make two separate decisions. The court must first decide what sentence is appropriate for each of the individual offenses, and then whether the multiple sentences are to be served concurrently or consecutively.  R.C. 2929.11 guides the sentencing court's discretion in the former decision, and R.C. 2929.14(C)(4) guides the sentencing court's discretion in the latter decision.  Each determination involves an analysis independent of the other.  Thus, the purposes and principles of felony sentencing set forth in R.C. 2929.11 play no role in a sentencing court's decision of whether multiple prison terms should be served concurrently or consecutively.

{¶ 20} R.C. 2929.11 provides that "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing."  The statute then continues to enunciate those purposes.  It is apparent from the context of the statutory reference to "a felony" that the usage refers to a sentence for an individual felony offense.

{¶ 21} Likewise, neither are the seriousness and recidivism factors provided in R.C. 2929.12 a consideration in whether prison terms imposed as sentences for multiple felony convictions should be served concurrently or consecutively.  R.C. 2929.12 does not set forth separate and additional considerations applicable to all aspects of felony sentencing. Rather, R.C. 2929.12 provides that in determining "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11," a sentencing court "shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, [and] the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism[.]"  In this sense, the seriousness and recidivism factors are not separate from the purposes and principles of felony sentencing,

but an aid in applying them. As an integral part of complying with the purposes and principles of felony sentencing, the R.C. 2929.12 seriousness and recidivism factors are restricted to the consideration of the sentence to be imposed for an individual felony offense.

{¶ 22} Once a sentencing court has determined the appropriate sentences to be imposed for separate felony offenses, then, and only then, may it consider whether those multiple sentences are to be served concurrently or consecutively. R.C. 2929.14(C)(4) sets forth certain findings a sentencing court must make if it is to order that multiple prison terms be served consecutively. Notably absent from the required consecutive sentence findings is any mention of the purposes and principles of felony sentencing and the seriousness and recidivism factors of R.C. 2929.11 and 2929.12. Thus, once a sentencing court is at the juncture of deciding whether multiple prison terms should be served consecutively, it has already concluded its consideration of the purposes and principles of felony sentencing, including the seriousness and recidivism factors.

{¶ 23} The Ohio Supreme Court has recognized the independent analysis a sentencing court must undertake in determining the appropriate sentence for an individual felony offense from that involved in sentencing for multiple felony offenses. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245. Specifically referencing the purposes and principles of sentencing, the supreme court stated that "pursuant to Ohio law [a sentencing judge] must consider each offense individually and impose a separate sentence for each offense. *See* R.C. 2929.11 through 2929.19." *Id.* at ¶ 9. "Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively." *Id.* Thus, R.C. 2929.11 applies to sentencing for individual felony offenses, and R.C. 2929.14(C)(4) applies to sentencing for multiple felony offenses.

{¶ 24} Appellant does not argue that the 12-month prison terms imposed upon each

of the nine offenses are contrary to the R.C. 2929.11 purposes and principles of sentencing. Appellant does not argue that the trial court's R.C. 2929.14(C)(4) consecutive sentence findings are not supported by the record. Rather, appellant argues the trial court's order that the prison terms be served consecutively is contrary to the purposes and principles of sentencing. Because the purposes of principles of sentencing are not a consideration in determining whether multiple prison terms should be served concurrently or consecutively, I join in affirming appellant's nine-year aggregate prison sentence.

{¶ 25} With the proviso that it is unnecessary for a sentencing court to consider the R.C. 2929.11 purposes and principles of felony sentencing, including the R.C. 2929.12 seriousness and recidivism factors, in deciding whether multiple prison terms should be served consecutively, I concur in the majority opinion.