[Cite as *State v. Clowery*, 2019-Ohio-752.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-06-039 |
| | : | O P I N I O N |
| - vs - | | 3/4/2019 |
| | : | |
| TODD A. CLOWERY, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COMMON PLEAS COURT
Case No. 2017 CR 00822


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio, 45103, for appellee

Ramona E. Daniels, 260 Northland Boulevard, Suite 226, Springdale, Ohio, 45246, for appellant


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Todd A. Clowery, appeals from the sentence he received in the Clermont County Court of Common Pleas after he pled guilty to two counts of attempted gross sexual imposition, one count of attempted sexual imposition, one count of voyeurism, and one count of obstructing official business. For the reasons set forth below, we affirm the sentence.

**{¶ 2}** On December 21, 2017, Clowery was indicted on two felonies and four misdemeanors: one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony; one count of attempted gross sexual imposition in violation of R.C. 2923.02(A) and R.C. 2907.05(A)(4), a fourth-degree felony; two counts of attempted sexual imposition in violation of R.C. 2923.02(A) and 2907.06(A)(4), fourth-degree misdemeanors; one count of voyeurism in violation of R.C. 2907.08(D), a first-degree misdemeanor; and one count of obstructing official business in violation of 2921.31(A), a second-degree misdemeanor. These charges arose from allegations that on August 6, 2017, Clowery photographed and attempted to touch the buttocks and skirt area of five different females, with three of the victims ranging in ages from 11-13 years old, at a Meijer department store in Union Township, Clermont County.

**{¶ 3}** As part of a plea agreement, Clowery pled guilty to and was sentenced on two counts of attempted gross sexual imposition, felonies of the fourth-degree, and three misdemeanors – attempted sexual imposition, voyeurism, and obstructing official business. The trial court imposed an 18-month prison term for each felony count and ran those terms consecutively to one another, for a total prison term of 36 months. For the misdemeanor counts, the trial court sentenced Clowery to 300 days of local confinement to run concurrently with the felony sentence.

**{¶ 4}** Clowery now appeals his sentence, raising one assignment of error:

**{¶ 5}** THE TRIAL COURT ERRED BY IMPOSING AN EXCESSIVE AND DISPROPORTIONATE SENTENCE OF A MAXIMUM, CONSECUTIVE PRISON TERM UPON MR. CLOWERY.

**{¶ 6}** Clowery argues the trial court should not have sentenced him to the maximum prison sentence for his fourth-degree felony convictions, nor run his felony sentences consecutively to one another.

{¶ 7} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. The court does not review under an abuse of discretion standard; instead, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the trial court's findings are not supported by the record or otherwise contrary to law. *Id.* at ¶ 10; *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 9. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Liming*, 12th Dist. Clermont Nos. CA2018-05-028 and CA2018-05-029, 2019-Ohio-82, ¶ 23, quoting *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, only upon finding a sentence is clearly and convincingly contrary to law or unsupported by the record may this court increase, reduce, or otherwise modify the sentence imposed by the trial court. *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 8} Clowery contends that the sentence imposed is excessive and contrary to law, because the recidivism and seriousness factors under R.C. 2929.12 should have been weighed differently. Specifically, Clowery argues that because he did not physically touch any of the victims and the victims were unaware of his actions his conduct should not have been weighed so heavily against him. Furthermore, he asserts he is unlikely to reoffend because he showed remorse for his actions, resumed mental health treatment, and led a mostly law-abiding life in the ten years preceding the present offenses. Finally, Clowery argues that the trial court failed to mitigate his sentence given this was his first felony conviction.

{¶ 9} Under R.C. 2929.11, the purposes of felony sentencing are to protect the public

from future crime and to punish the offender. To fulfill these purposes, R.C. 2929.12 provides several factors for the trial court to consider when deciding the severity of the sentence, such as the seriousness of the offense and the likelihood of the offender to reoffend. These factors are not exclusive and R.C. 2929.12 explicitly permits the trial court to consider any other relevant information as a sentencing factor. *State v. Abrams*, 12th Dist. Clermont Nos. CA2017-03-018 and CA2017-03-019, 2017-Ohio-8536, ¶ 14; *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669 ¶ 11. The trial court is not required to weigh each factor equally, instead the trial court has discretion to determine the weight given to the relevant mitigating or aggravating factors and then formulate a sentence to satisfy Ohio's sentencing goals. *Abrams* at ¶ 14; *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-Ohio-9092, ¶ 15.

{¶ 10} After review of the record, we find no error in the trial court's sentence. The record shows that Clowery's sentence is not clearly and convincingly contrary to law as the trial court considered the principles and purposes of sentencing in accordance with R.C. 2929.11, the seriousness and recidivism factors in R.C. 2929.12, and imposed a sentence within the permissible statutory ranges for a felony of the fourth degree in accordance with R.C. 2929.14(A)(4).

{¶ 11} At the sentencing hearing, the trial court found several facts that weighed against Clowery for R.C. 2929.12 purposes. The trial court found two facts that increased the offenses' seriousness. First, the trial court noted that each felony offense was perpetrated against a different victim. Second, the court remarked on the large number of victims involved.

{¶ 12} Moreover, the trial court found several factors that showed Clowery was more likely to reoffend. Foremost, the trial court determined that Clowery's current offenses were of a similar sexual nature to his 2006 assault conviction, in which he rubbed his stocking feet

- 4 -

on the breast and buttocks of an 11-year-old girl while in a movie theater. Additionally, the trial court noted Clowery had unsuccessfully completed his community control sentence for that 2006 conviction, and had his probation revoked by failing to complete the required sex offender treatment program. The trial court also found that Clowery voluntarily discontinued his mental health treatment by not taking his prescribed medications in the weeks leading up to these offenses, despite admitting to suffering significant psychological problems. The fact that there were multiple victims further moved the court to find that Clowery was more likely to reoffend.

{¶ 13} Additionally, the trial court factored in the overall harm caused to each of the victims and the long-term effect this harm would have on the victims in fashioning Clowery's sentence. Specifically, the court noted the ongoing mental health treatment one of the juvenile victims was receiving to cope with her psychological trauma.

{¶ 14} While Clowery may disagree with the weight afforded to the above-mentioned factors, that does not mean the trial court erred when imposing the sentence. *Abrams* at ¶ 14; *See also Liming* at ¶ 33. The trial court appropriately considered the factors set forth in R.C. 2929.12 and imposed a sentence consistent with the purposes of R.C. 2929.11. Finally, 18 months is within the statutory range for a felony of the fourth degree in accordance with R.C. 2929.14(A)(4). Therefore, the trial court did not err when it imposed the maximum sentence under the law for Clowery's felony convictions.

{¶ 15} Lastly, we find that the trial court's decision to run Clowery's two felony sentences consecutively to one another was not contrary to law and was supported by the record. Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *McKennelly* at ¶ 17. The trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to

the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2919.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *McKennelly* at ¶ 17.

{¶ 16} To impose consecutive terms of imprisonment, the trial court must make findings pursuant to R.C. 2929.14(C)(4) at the sentencing hearing and incorporate the findings in its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. Contrary to Clowery's assertions, the trial court is not required to give reasons explaining its findings. *Id. See also McKennelly* at ¶ 18. If the record is clear the court engaged in the sentencing analysis and made the findings required in R.C. 2929.14(C)(4), then the consecutive sentence is not contrary to law. *McKennelly* at ¶ 18. *See also State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 16.

{¶ 17} Here, the record shows the trial court made the requisite findings before imposing the consecutive sentences. At the sentencing hearing the court stated:

> Consecutive sentences are necessary to protect the public from future crime and to punish Mr. Clowery. They are not disproportionate to the seriousness of his conduct and the danger he poses to the public. The multiple offenses were committed as part of one or more courses of conduct. The harm caused by each of the multiple offenses was so great that no

single prison term for either of the offenses committed as part of the courses of conduct adequately reflects the seriousness of the conduct. And his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by him.

The court later included these findings in its sentencing entry. Therefore, the trial court did not err in running Clowery's felony sentences consecutively to one another.

{¶ 18} Accordingly, we find that Clowery's sentence is not contrary to law and is supported by the record. Clowery's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.