[Cite as *State v. Napier*, 2020-Ohio-2982.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2019-05-042 |
| Appellee, | : | O P I N I O N<br>5/18/2020 |
| | : | |
| - vs - | : | |
| | : | |
| RANDAL S. NAPIER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018 CR 0496


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Stagnaro Hannigan Koop, Co., LPA, Michaela M. Stagnaro, 30 Garfield Place, Suite 760, Cincinnati, Ohio 45202, for appellant


**M. POWELL, P.J.**

{¶ 1} Appellant, Randal Napier, appeals the sentence he received in the Clermont County Court of Common Pleas after he pled guilty to complicity to aggravated burglary for his role in a home invasion.

{¶ 2} As of June 2018, appellant had known the victim and performed odd jobs for

her and her late mother for 20 years. The victim trusted appellant and had given him a key to her house. Consequently, appellant was familiar with the contents of the victim's home. At some point, appellant conspired with Jeremy Downing and Joseph Winston to burglarize the victim's home. Appellant knew Downing was violent. Based on a prior conversation, appellant also knew Downing planned to beat the victim. The burglary occurred on June 5, 2018. That day, appellant dropped off his two codefendants at the victim's home. The burglary went awry when Downing struck and choked the victim multiple times. The victim suffered several fractured ribs, a fractured sternum, and numerous bruises, was hospitalized for 13 days, and spent 11 days in rehabilitation. Upon completion of the burglary, appellant picked up Winston and accompanied him to convert some of the burglary proceeds to cash.

{¶ 3} Appellant was subsequently indicted on one count each of attempted murder, felonious assault, aggravated robbery, and aggravated burglary, and two counts of kidnapping. On February 19, 2019, appellant pled guilty to a first-degree felony count of complicity to aggravated burglary. The other five counts were dismissed. A sentencing hearing was scheduled for April 23, 2019, and the trial court ordered that a presentence-investigative report ("PSI") be prepared. At the sentencing hearing, the trial court heard from the state, a detective, defense counsel, and appellant.

{¶ 4} Defense counsel discussed that appellant was remorseful for the harm inflicted upon the victim, believed the victim might not be home during the burglary, did not anticipate what ultimately occurred, and accepted responsibility for his role in the crime. Appellant apologized for what happened to the victim and expressed remorse for his actions.

{¶ 5} The detective testified that appellant helped police apprehend Winston. The detective further expressed his belief that appellant's remorse was sincere. However, the

detective also emphasized that appellant spent a lot of time denying responsibility and minimizing his role in the crime, and that were it not for videotaped and other evidence, appellant would likely have continued to deny responsibility. The state requested that appellant be sentenced to 11 years in prison, the maximum prison term for a first-degree felony. In support of its request, the state emphasized appellant's pivotal role in planning the burglary, dropping off the two codefendants at the victim's home, and providing help to Winston once the burglary was over. The state further emphasized appellant's knowledge that Downing was a dangerous and violent individual who, prior to the burglary, had talked about beating the victim.

{¶ 6} After reviewing the PSI and the victim's impact statement and considering the information presented at the sentencing hearing, the trial court sentenced appellant to nine years in prison. The trial court considered the purposes and principles of felony sentencing and found that appellant's conduct was more serious because he had taken advantage of the victim's trust and their relationship to facilitate the burglary. The trial court further noted appellant's extensive criminal history dating back to 1982 and the several prison terms he had served without avail in modifying his criminal behavior.

{¶ 7} Appellant now appeals, raising one assignment of error:

{¶ 8} THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY SENTENCING APPELLANT.

{¶ 9} Appellant argues the trial court erred in sentencing him to nine years in prison.

{¶ 10} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the

appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶ 11} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is either contrary to law or unsupported by the record. *Marcum* at ¶ 7.

{¶ 12} Appellant's nine-year prison sentence is not clearly and convincingly contrary to law as the trial court considered the R.C. 2929.11 principles and purposes of sentencing and the seriousness and recidivism factors of R.C. 2929.12, properly imposed postrelease control, and imposed a sentence within the permissible statutory range for a felony of the first degree in accordance with R.C. 2929.14(A)(1)(b). While the trial court did not specifically cite R.C. 2929.12 during the sentencing hearing, it expressly stated in its April 23, 2019 sentencing entry that it had "balanced the seriousness and recidivism factors pursuant to Ohio Revised Code Section 2929.12."[1] Thus, appellant's sentence is not contrary to law. *State v. Back*, 2d Dist. Clark No. 2013-CA-62, 2014-Ohio-1656, ¶ 14; *see also State v. Ballard*, 12th Dist. Butler No. CA2014-09-197, 2015-Ohio-2084, ¶ 9 (affirming a sentence where the trial court failed to cite R.C. 2929.11 or 2929.12 during the sentencing hearing but stated in its judgment entry of conviction that it had considered the principles

---

1. We note that the R.C. 2929.12 seriousness and recidivism factors are not in addition to the R.C. 2929.11 purposes and principles of felony sentencing but are employed to guide a trial court's consideration of the purposes and principles of felony sentencing.

and purposes of sentencing pursuant to R.C. 2929.11 and balanced the seriousness and recidivism factors pursuant to R.C. 2929.12).

{¶ 13} Appellant challenges his nine-year prison sentence, arguing that the trial court did not "truly consider" the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Appellant asserts that the trial court should have imposed a shorter sentence, given his expressed remorse, the fact he was not present during the burglary and did not expect the victim to be harmed, the fact his prior criminal history does not involve harm to others, his life-long substance abuse issues, and his assistance in helping police apprehend Winston.

{¶ 14} It is well established that when sentencing a defendant, "a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Abrams*, 12th Dist. Clermont Nos. CA2017-03-018 and CA2017-03-019, 2017-Ohio-8536, ¶ 14. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *Id.*

{¶ 15} The June 5, 2018 burglary was the result of planning and deliberation based upon appellant's long-standing relationship with the victim. Appellant conceived the idea for the burglary, planned its details, and played a pivotal role in carrying out the offense by dropping off his two codefendants at the victim's home and later picking up Winston and accompanying him to convert some of the burglary proceeds to cash. Appellant clearly took advantage of the victim's trust and their relationship to facilitate the burglary.

{¶ 16} While appellant expressed remorse for his actions and what happened to the victim, he did not accept responsibility for his role until he was ultimately confronted with videotaped and other evidence. Further, while appellant claimed he did not anticipate what

ultimately occurred and did not want the victim to get hurt, he knew that Downing was a violent and dangerous individual who, prior to the burglary, had expressed his intent to beat the victim. Despite this knowledge, appellant facilitated Downing's encounter with the victim under circumstances fraught with a risk of violence. As a result of the burglary, the victim suffered serious injuries that required a lengthy hospitalization and several days in rehabilitation. The serious nature of appellant's offense supports the trial court's sentencing decision.

{¶ 17} The court's sentencing decision is further supported by appellant's extensive criminal history which dates to 1982. That year, appellant was adjudicated a delinquent child in Arkansas in a theft and escape case and was sentenced to a 16-year prison term. In addition to his juvenile record, appellant's adult criminal record consists of numerous convictions and prison terms, including convictions for theft and drug offenses and a 1997 conviction for aggravated vehicular homicide for which he served five years in prison, followed by convictions for operating a vehicle under the influence of alcohol in 2001 and 2004. Though appellant has been repeatedly penalized for his past criminal behavior, his criminal record plainly demonstrates his inability to modify his behavior and learn from past mistakes. As the trial court noted, despite his numerous opportunities to turn his life around, appellant continues to resort to quick fixes, substance abuse, and criminality at age 52. And while his prior criminal record does not involve offenses of violence, the June 5, 2018 burglary represents an escalation and a disturbing portent of appellant's future behavior.

{¶ 18} Appellant simply disagrees with the trial court's analysis and its balancing of the relevant factors in both R.C. 2929.11 and 2929.12. But, as this court has stated previously, "[t]he trial court, in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18; *State v. Liming*, 12th

Dist. Clermont Nos. CA2018-05-028 and CA2018-05-029, 2019-Ohio-82, ¶ 33. The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence. *Liming* at ¶ 33.

{¶ 19} In light of the foregoing, because the trial court properly considered the necessary sentencing statutes, R.C. 2929.11 and 2929.12, and because appellant's sentence is not contrary to law or unsupported by the record, we find no error in the trial court's decision to sentence appellant to serve nine years in prison as a result of his guilty plea to complicity to aggravated burglary, a first-degree felony.

{¶ 20} Appellant further argues that the trial court erred by failing to notify him during sentencing that he was forbidden from taking drugs and was required to submit to random drug testing pursuant to R.C. 2929.19(B)(2)(f), or that he was required to submit to DNA testing pursuant to R.C. 2901.07(B) as a result of his felony conviction.

{¶ 21} We have previously addressed such arguments and found them to be without merit in *State v. Setty*, 12th Dist. Clermont No. CA2014-09-068, 2015-Ohio-2012, ¶ 14; *State v. Chisenhall*, 12th Dist. Clermont Nos. CA2015-07-055 and CA2015-07-063, 2016-Ohio-999, ¶ 37-39; and *Abrams*, 2017-Ohio-8536 at ¶ 23. For the reasons set forth in *Setty* and *Chisenhall*, we find that any error that resulted from the trial court's failure to provide the advisements set forth in R.C. 2929.19(B)(2)(f) and 2901.07(B) was harmless.

{¶ 22} Appellant's assignment of error is overruled.

{¶ 23} Judgment affirmed.


S. POWELL and RINGLAND, JJ., concur.